**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-0524 |
| | : | |
| v. | : | (Judge Vanaskie) |
| | : | |
| **YORK COUNTY PRISON,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

I.   **Introduction**

Plaintiff, Batsaihan Purveegiin, currently detained by the Bureau of Immigration and Customs Enforcement at the Pike County Correctional Facility in Lords Valley, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claims that while he was previously incarcerated at York County Prison in York, Pennsylvania, Defendants interfered with his mail, denied adequate medical care, tortured him, poisoned his food, dispersed nerve gas, and discriminated against him based upon his race. Plaintiff seeks declaratory, injunctive, punitive and compensatory relief. Also pending is Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Entry 2) and Plaintiff's motion to invoke the three strikes ifp standard (Dkt. Entry 5). For the reasons that follow, the Court concludes that Plaintiff's complaint does not satisfy the requirements of the Federal Rules of Civil Procedure, Plaintiff's complaint will be dismissed without prejudice, and he will be

given the opportunity to file an amended complaint which must comport with the requirements of the Federal Rules. Failure to do so may result in closure of this case or the dismissal of certain parties and claims. Plaintiff's pending motions will be denied, without prejudice, as moot.

## II. Discussion

Plaintiff is proceeding *pro se,* and such parties are accorded substantial deference in federal court. *Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

Plaintiff's complaint names eleven (11) defendants and contains numerous claims as set forth above. The claims alleged by Plaintiff address varied and unconnected issues such as inadequate medical care, torture, and other Constitutional deprivations. The claims against

Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants.

Rule 20 is a flexible rule that allows for fairness and judicial economy.

> Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.*, § 1653 at 382. When the district court decides whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion. *Chicago, Rock Island & Pac. R.R. Co. v. Williams*, 245 F.2d 397, 404 (8th Cir. 1957), *cert. denied*, 335 U.S. 885 (1957).

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America*, 383 U.S. at 724. "Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be

3

liberally construed in the interest of convenience and judicial economy." *King v. Ralston Purina Co.*, 97 F.R.D. 477, 479-80 (W.D. N.C. 1983); *see also Lewis v. City of Los Angeles*, 5 Fed.Appx. 717, 718 (9th Cir. 2001).

However, the United States Court of Appeals for the Eighth Circuit has noted that the policy of liberal application of Rule 20 is not a license to join any and all claims and defendants in one lawsuit:

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's vast array of claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20.  A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated at York County Prison; the Defendants and the alleged actions are disparate and unrelated, and the claims do not satisfy the elements of joinder.

Moreover, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8.  Although there is

not a heightened pleading standard in § 1983 cases,[1] a § 1983 complaint must bear reasonable relation to the rules.  Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.   *See* Fed. R. Civ. P. 8(a).  Plaintiff's complaint lacks specific allegations of time and place, and the complaint fails to identify the Defendant(s) allegedly committing the wrongful acts which are the basis of his claim.  It is unlikely that Plaintiff is alleging the mailroom personnel have denied adequate medical care, that the medical personnel have tampered with his mail, or that either of these groups has poisoned his food.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990).  Thus, the complaint precludes a meaningful response from Defendants and it fails to satisfy the notice pleading requirements of Rule 8.  *Alston v. Simmon*, 363 F.3d 229, 233 (3d Cir. 2004).  Additionally, the complaint is accompanied by an application to proceed *in forma pauperis* filed pursuant to the Prison Litigation Reform Act ("PLRA").  The PLRA contains a provision requiring the court to

---

[1] *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993).  The United States Supreme Court rejected a heightened pleading standard, noting that a §1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167.

review all proceedings that are filed *in forma pauperis*.  Since Plaintiff's complaint is not in compliance with the Rules, the Court cannot adequately review this pleading as required by 28 U. S. C. § 1915.[2]

Similarly, the complaint fails the requirements of Rule 10.  The averments are not set forth in numbered paragraphs relating to one set of circumstances, as required.  The averments that are set forth in numbered paragraphs often duplicate paragraph numbers (*see e.g.* Dkt. Entry 1-1 at 5, 6, and 8-9), and some portions of the Plaintiff's complaint lack any corresponding numbering at all (*see* Dkt. Entry 1-1 at 5 and 8), as required by Rule 10.  This non-compliance is not merely a technical defect, but frustrates the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  There is no way for the Court to comprehend the document, nor would the Defendants be expected to understand the allegations to enable them to prepare a proper response.  The lack of numbered paragraphs also precludes a point of reference for the Defendants' answer(s).

Accordingly, the complaint is subject to *sua sponte* dismissal by the Court for failure to comply with Rules 8, 10 and 20.  Such dismissal will be ordered with leave to file an amended complaint.  *See Salahudin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988).

---

[2] 28 U. S. C. § 1915 of the Act requires courts to ". . . dismiss the case . . . if the court determines that . . . (B) the action or appeal --- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Plaintiff is admonished that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. *Young v. Keohane*, 809 F.Supp. 1185 (M.D. Pa. 1992). Such amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.[3] It should specify which actions are alleged as to which Defendants, with specificity as to time; it should be signed; and it should set forth a specification of the relief sought. Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, appropriate action will be taken, such as

---

[3] Plaintiff has inundated this Court with lengthy and incoherent "supplements," e.g., Dkt. Entries 12, 13, 15, 18, 19, 26, 37, and 43, and "amended complaints," which seek to add new defendants and claims unrelated to those presented in the original complaint, e.g., Dkt. Entry 36, or increase the claim for damages, e.g., Dkt. Entry 42. These prolix and convoluted filings only serve to obfuscate Plaintiff's claims and impede the processing of this case. This Court will consider only an amended complaint filed in response to this Memorandum and Order in deciding the parameters of this action. Plaintiff is instructed not to file documents in this action unconnected to the claims that he seeks to pursue in this action, such as the recently-filed request for a temporary restraining order, which will be summarily denied because it has no connection with the claims or parties to this case. As noted above, Purveegiin is no longer confined in the York County Prison and is not subject to the conditions of which he complained. There is no basis for injunctive relief in this case. Any future filings made by Purveegiin in this case that do not concern the matters at issue in this case will be summarily stricken.

dismissal of some claims, parties or the action itself.  An appropriate Order is attached.

                **s/ Thomas I. Vanaskie**
                Thomas I. Vanaskie
                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-0524 |
| v. | : | (Judge Vanaskie) |
| **YORK COUNTY PRISON,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**NOW, THEREFORE, THIS 30th DAY OF JANUARY, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Entry 2) is construed as a motion to proceed without prepayment of fees and costs, and the motion is **GRANTED**.

2. Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure.

3. Within twenty (20) days from the date of this Order, Plaintiff may file an amended complaint in accordance with Federal Rules of Civil Procedure.

4. Failure to submit an amended complaint in accordance with the attached Memorandum will result in the closure of this case.

5. Plaintiff's motion to invoke three strikes standard (Dkt. Entry 5) is **DENIED** as

    moot.

6. Plaintiff's Motion for a Temporary Restraining Order (Dkt. Entry 44) is **DENIED.**

                                       **s/ Thomas I. Vanaskie**
                                       Thomas I. Vanaskie
                                       United States District Judge