# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-0524** |
| | : | |
| **v.** | : | **(Judge Vanaskie)** |
| | : | |
| **YORK COUNTY PRISON,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

## I.      Introduction

Plaintiff, Batsaihan Purveegiin, commenced this pro se action by filing a civil rights

complaint pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claimed that while he was

previously incarcerated at York County Prison ("YCP") in York, Pennsylvania, Defendants

interfered with his mail, denied adequate medical care, tortured him, poisoned his food,

dispersed nerve gas, and discriminated against him based upon his race.  Plaintiff sought

declaratory, injunctive and compensatory relief.

In a Memorandum and Order dated January 30, 2007, this Court determined that

Plaintiff's complaint failed to comply with the requirements of Federal Rules of Civil Procedure

8, 10 and 20.  (Dkt. Entry 45.)  Plaintiff was directed to file an amended complaint within twenty

(20) days from the date of the Order.  The Memorandum and Order forewarned Plaintiff that

failure to timely file an amended complaint that complies with the Federal Rules of Civil

Procedure would result in closure of the case.

Plaintiff filed a First Amended Complaint (Dkt. Entry 50) on February 13, 2007, and a Second Amended Complaint (Dkt. Entry 51) on February 13, 2007.  Since Plaintiff was granted an enlargement of time to March 9, 2007, to comply with the Court's Order (Dkt. Entry 45) directing him to file an amended complaint, Plaintiff's Second Amended Complaint (Dkt. Entry 51) will be accepted by the Court.  The Second Amended Complaint is 87 pages long and contains a number of claims against 13 Defendants.  The issue before the Court at this time is whether Plaintiff cured the pleading deficiencies of the original pleading.  Finding that Plaintiff has failed to do so, the Court will dismiss this action.

## II.     Discussion

Pro se litigants, such as Plaintiff, are accorded substantial deference in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure.  Although Purveegiin has now complied with Rule 10(b)'s requirement of setting forth allegations in separately numbered paragraphs, he has not adhered to the minimal demands of Rules 8 and 20.

Rule 8(a) requires a short and plain statement of the Plaintiff's claims.  Purveegiin's 178-paragraph prolix amended complaint does not meet the mandates of this rule.  The following are some examples, of the rambling, disjointed, and befuddling averments, replete with

typographical and other errors, presented in the amended complaint:

> 48.  Defendant Joseph C. Hohenstein, NSC; Bruce; Tourneyhome Diane start infinger his name online publicly abuse his fame without compensate with his consents.  Ripe & rape his millions.  This main reason the are not handle his legal and personal out and income mails.
>
> * * *
>
> 69.  1997-99 (29) months Plaintiff humiliated by Defendant Neg. Joseph C. Hohenstein his start steal Plaintiffs talent productions, his legacy. (a) Pastor Joan Maruskin introdused by Defendants & Neg (TCH) to Plaintiff she stole all plaintiff's master line drawings.  1997-99.  (b.)  New Jersey ZNK political asylum office Ph.D. William Westerman also same as Maruskin steal all traditional line arts.
>
> * * *
>
> 81.  Plaintiff was seen all Defendants is Israelist Zionists group-s who the are illegally act destroy American Civil Liberty build slavery torture discrimination, mass deportation experimentation humiliation's subject immigrants Prolonged Limbo the are made huge property on Plaintiffs limb by missels, bombs, weapons mass destruction smart durthy bomb-s send it to Israel bomb innocent children woman olderly civilians them next poor states.  Plaintiff voice now Federall Government disallow it stop here.  Investigate all Defendants income tax.

Defendants would be hard pressed to form a meaningful response to a pleading constructed as

is the Second Amended Complaint filed by Purveegiin.

Nor has Plaintiff heeded this Court's admonition about joining unrelated claims and

parties in one complaint.  Federal Rule of Civil Procedure 20, titled Permissive Joinder of

Parties, in pertinent part, reads:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

> arising out of the same transaction, occurrence, or series of
> transactions or occurrences and if any question of law or fact
> common to all defendants will arise in the action. A plaintiff or
> defendant need not be interested in obtaining or defending against
> all the relief demanded. Judgment may be given for one or more of
> the plaintiffs according to their respective rights to relief, and
> against one or more defendants according to their respective
> liabilities.

Fed. R. Civ. P. 20(a).

Like the initial complaint, Plaintiff's Second Amended Complaint names multiple defendants and contains numerous claims concerning unconnected issues, such as denial of religious worship, inadequate medical care, theft of his art work, legal malpractice of lawyers representing him in immigration proceedings, retaliation, and purported infringement of other interests protected by the United States Constitution.[1]  The claims against Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants.

As previously explained to Plaintiff (Dkt. Entry 45), Rule 20 is a flexible rule that allows for fairness and judicial economy.

---

[1]Plaintiff also alleges torture, interference with his mail, emission of a noxious substance through his air vent, contamination and poisoning of his food, an attack by prison guards, and illegal detention.  It should be noted that Plaintiff has asserted essentially the same litany of claims against multiple defendants at every other prison within the Middle District of Pennsylvania where he has been confined. E.g., Purveegiin v. Duran, No. 3:05-CV-02496 (M.D. Pa.) (Clinton County); Purveegiin v. Pike County Correctional Facility, 06-CV-00300 (M.D. Pa.); Purveegiin v. Donate, No. 3:07-CV-00593 (M.D. Pa.) (Lackawanna County)

> Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986).  "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." Id., § 1653 at 382.

In United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of America, 383 U.S. at 724.  "Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." King v. Ralston Purina Co., 97 F.R.D. 477, 479-80 (W.D. N.C. 1983).

The policy of liberal application of Rule 20, however, is not a license to join any and all claims and defendants in one lawsuit.  As the United States Court of Appeals for the Eighth Circuit has noted:

> Permissive joinder is not, however, applicable in all cases. The rule

5

> imposes two specific requisites to the joinder of parties: (1) a right
> to relief must be asserted by, or against, each plaintiff or defendant
> relating to or arising out of the same transaction or occurrence, or
> series of transactions or occurrences; and (2) some question of law
> or fact common to all the parties must arise in the action.

Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's sundry claims in the eighty-seven (87) page Second Amended Complaint share neither common legal issues nor common facts, and, accordingly, are inappropriate for joinder under Rule 20.  A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated at YCP; the Defendants and the alleged actions are disparate and unrelated. The claims do not satisfy the requirements for joinder, even under a liberal application of Rule 20.

As noted previously, Plaintiff was directed to file an amended complaint which complies with the Federal Rules of Civil Procedure.  Plaintiff was informed that the amended complaint should set forth his claims in short, concise and plain statements, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.  Ultimately, Plaintiff was forewarned that if he failed to "timely file an amended complaint adhering to the standards set forth above, this case will be closed."  (Dkt. Entry 45 at 7 and 8.)  Because Plaintiff has not complied with this Court's Order, this action will be

dismissed.  See Iseley v. Bitner, 216 Fed. Appx. 252, 255 (3d Cir. 2007) (dismissal by the court

on its own initiative is warranted where plaintiff fails to comply with court orders directing

adherence to rules governing joinder of parties and claims, thereby making impossible

adjudication of a case asserting a plethora of unrelated claims against numerous defendants);

Gantt v. Sutton, No. 06-7685, 2007 WL 1341044 (4th Cir. May 8, 2007) (affirming dismissal of

action for failure to comply with court order directing compliance with Fed. R. Civ. P. 8); Heard

v. Nix, 170 Fed. Appx. 618 (11th Cir. 2006) (same); Jaffe v. Napolitano, 167 Fed. Appx. 663

(9th Cir. 2006) (same); York v. McCulley, 159 Fed. Appx. 38 (10th Cir. 2005) (same); Bowe v.

Goord, 152 F.3d 917 (2d Cir. 1998) (same); Mincy v. Klem, No. 1:07-CV-0340, 2007 WL

1576444 (M.D. Pa., May 30, 2007) (dismissing action because plaintiff's amended complaint,

asserting numerous claims against scores of defendants, did not comply with court order

directing adherence to the requirements of Rules 8 and 20).

 An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


**BATSAIHAN PURVEEGIIN,**                    :
                                             :
      **Plaintiff,**                      :      **CIVIL NO. 3:CV-06-0524**
                                             :
      **v.**                              :      **(Judge Vanaskie)**
                                             :
**YORK COUNTY PRISON,** *et al.*,            :
                                             :
      **Defendants.**                     :


**ORDER**


    **NOW, THIS 28th  DAY OF JUNE, 2007,** for the reasons set forth in the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    This action is **DISMISSED, WITHOUT PREJUDICE**.

2.    The Clerk of Court is directed to mark this matter **CLOSED**.


                            **s/ Thomas I. Vanaskie**
                            Thomas I. Vanaskie
                            United States District Judge